FILED

2017 Mar-24  PM 02:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JANIE SUE AKINS,** | ) | |
| | ) | |
| **Pro Se Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.: 2:16-CV-662-VEH** |
| | ) | |
| **JEFFERSON COUNTY** | ) | |
| **DEPARTMENT OF HUMAN** | ) | |
| **RESOURCES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

This employment discrimination action was filed on April 25, 2016, by the *pro se* Plaintiff, Janie Sue Akins, against the Defendant, her former employer, the Jefferson County Department of Human Resources. (Doc. 1). The case comes before the Court on the Defendant's motion, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Plaintiff's claims for failure to state a claim upon which relief may be granted. (Doc. 20). The motion also alleges that the Plaintiff's action should be dismissed pursuant to Rule 41(b), for failure to comply with prior orders of this Court. For the reasons stated herein, the motion will be **GRANTED**.

## I.     PROCEDURAL HISTORY

On June 30, 2016, this Court entered the following Order:

On May 25, 2016, the Plaintiff was ordered to file an Amended Complaint within 21 days. (Doc. 4 at 1)[1]. In that same order, the Plaintiff was warned that "[f]ailure to file an amended complaint within the time prescribed may result in the dismissal of all claims for want of prosecution. *See* FED. R. CIV. P. 41 (b)." (Doc. 4 at 2). More than 21 days have elapsed and no Amended Complaint has been filed. Accordingly, this action is **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b).

(Doc. 9 at 1) (emphasis in original). On July 19, 2016, this Court noted:

The Plaintiff has now filed a document entitled "Motion to Not Reassign or Dismiss This Case." (Doc. 10) (emphasis in original). In that document, the Plaintiff states that computer problems prevented her from receiving service of the orders entered in this case when they were entered. She also explains that she only recently, on July 5, 2016, received "the court documents," but does not specify which documents are referenced. She states that "she was not knowledgeable of [the Court's orders] until after the requested date." (Doc. 10 at 1). She requests that her case not be dismissed or reassigned, that this Court provide future notices to her via regular mail, and that this court reconsider its denial of appointed counsel.

The Court treats the motion as a motion to alter or amend made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The motion is **GRANTED** to the extent that the order dismissing this case is hereby **VACATED**, and this case is **REINSTATED**. **The Plaintiff is hereby ORDERED to file her Amended Complaint within 21 days after the date of this Order. The failure to file an Amended Complaint within the time prescribed may result in the dismissal of**

---

[1] That Order was entered by Magistrate Judge Staci G. Cornelius, to whom this case was originally assigned.

**all claims for want of prosecution. See FED. R. CIV. P. 41 (b).** The Clerk of Court is hereby **ORDERED** to send service copies off all Orders in this case to the *pro se* Plaintiff by U.S. Mail. The Plaintiff's motion is **DENIED** to the extent she again seeks the appointment of counsel and that she asks that this case not remain reassigned to the undersigned.

(Doc. 11 at 1-2) (emphasis in original and footnote omitted). On August 9, 2016, this

Court entered an Order which stated, in pertinent part:

> Instead of filing an Amended Complaint, the Plaintiff has filed a 4 page, single spaced letter, in 10-point font, which has been docketed as an Amended Complaint. This letter does not have the case caption, and fails to comply with the magistrate's directive that
>
>> [t]he amended complaint must refer to the federal statute or statutes being invoked, comply with the FEDERAL RULES OF CIVIL PROCEDURE, and be suitable for service on the defendant or defendants named therein. In the amended complaint, the plaintiff must clearly set forth the facts concerning any incident about which she complains. Specifically, she must (1) identify each defendant she alleges participated in the violation of her rights; (2) describe what each defendant did that amounted to a violation of her rights; (3) state when and where the incidents underlying the violation of her rights occurred; (4) describe how the acts and/or omissions of each defendant resulted in harm to her; (5) identify the nature of that harm (e.g., loss of money, income, or property, or interference with her right to engage in or refrain from some activity); and (6) state the relief she seeks (e.g., compensatory and/or punitive damages or some form of injunctive relief, including any request for attorneys' fees, costs, and expenses). Conclusory and general assertions are insufficient to state a claim on which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The

3

> amended complaint must include all of the plaintiff's claims in this action and must not refer back to the original complaint. Only claims set forth in the amended complaint will be considered.

(Doc. 4 at 2). Most importantly, the letter fails to give any dates so that the Court can determine whether this action is timely filed. The letter also fails to refer to the federal statute or statutes being invoked, so that the Court can determine whether it has jurisdiction.

> Be that as it may, the Court will allow the Plaintiff one more opportunity to <u>clearly</u>, and <u>in an organized and understandable fashion</u>, set out a proper Complaint. The new Complaint should be filed into the record within 21 days after the date of this order. It must be <u>double spaced</u>, in <u>14 point type</u>, have <u>a case caption identical to the one at the beginning of this Order</u> and otherwise comply with the requirements of the Federal Rules of Civil Procedure. Further, it should have numbered sections (with discussion) which correspond to the magistrate's directive in document 4. **<u>The failure to file an Amended Complaint, which complies with these requirements, within the time prescribed, may result in the dismissal of all claims for want of prosecution. See FED. R. CIV. P. 41 (b).</u>**

> To the extent that the Plaintiff's letter could be considered another motion for the appointment of counsel, that motion is, again, **DENIED**.

(Doc. 13 at 1-3).

The Amended Complaint was due on August 30, 2016. The Plaintiff filed nothing by the deadlines. On September 2, 2016, the Plaintiff filed another <u>letter</u> which did not comply with this Court's previous directives. (Doc. 14). That letter will not be considered by the Court.

On September 6, 2015, a week after the deadline for doing so, the Plaintiff filed

an Amended Complaint. (Doc. 15). The record reflects that the Defendant was finally served on January 30, 2017. On February 15, 2017, the Defendant filed a motion to dismiss. (Doc. 20). On February 16, 2017, this Court entered an Order which provided:

> The Jefferson County Department of Human Resources has filed a motion to dismiss this case pursuant to Rules 41(b) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 20). In accordance with this Court's Uniform Initial Order (doc. 7), entered in this case on June 29, 2016, the *pro se* Plaintiff may file any response to the motion no later than March 8, 2017. The Defendant's reply is due no later than March 20, 2017.

(Doc. 21 at 1). The Plaintiff has filed no response to the motion, and the Defendant has filed no reply. The motion is now ripe for review.

## II.    STANDARD OF REVIEW

### A.    <u>Rule 41(b)</u>

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Unless otherwise noted, dismissal under this rule is with prejudice. *Id.* "A dismissal [with prejudice] bar[s] the plaintiff from prosecuting any later lawsuit on the same claim." Black's Law Dictionary (10th ed. 2014). The Eleventh Circuit has noted:

> Although dismissal with prejudice is a drastic remedy, "[t]he court's

5

> power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir.1985). Moreover while dismissal is an extraordinary remedy, "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.1989).

*Hickman v. Hickman*, 563 F. App'x 742, 743 (11th Cir. 2014).

**B.     Rule 12(b)(6)**

Generally, the Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, to survive a motion to dismiss brought under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*").

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556) ("*Iqbal*"). That is, the complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation and footnote omitted). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]"

6

without supporting factual allegations. *Id.* at 555, 557 (citation omitted).

Once a claim has been stated adequately, however, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563 (citation omitted). Further, when ruling on a motion to dismiss, a court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citing *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006)).

Finally,

> [Courts] construe pleadings filed by *pro se* parties liberally. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir.2008). This liberal construction, however, "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, Fla., 132 F.3d 1359, 1369 (11th Cir.1998) (citations omitted), *overruled on other grounds, v. as stated in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir.2010). Moreover, pro se litigants still are required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir.2007).

*Hickman*, 563 F. App'x at 743.

## III.   ALLEGATIONS IN THE AMENDED COMPLAINT[2]

---

[2] The Plaintiff admits that her lengthy Amended Complaint, which she refers to as a "long novel" (doc. 15 at 9) engages in a "rambling" discussions of facts. (Doc. 15 at 6). Still, "[a] document filed *pro se* is to be liberally construed . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (internal quotations and citations omitted). Accordingly, the Court will endeavor to distill the relevant facts from the Amended Complaint.

The Plaintiff's Complaint appears to make two claims–one for "DISABILITY" and one for "RACISM."

**A.** **Disability**

The Plaintiff vaguely states that her "ADHD disability was used to terminate [her] job [and] [her] letter of accommodations request was ignored." (Doc. 15 at 1). She then <u>implies</u>, but does not specifically state, that she may have been late from time to time because of her condition. She also states that she was pulled over by the police which she says "appeared to be done on purpose to cause me late arrival on days I almost made it on time." (Doc. 15 at 2). The Amended Complaint states:

> How could they get away with ignoring my letter of accommodations for my ADHD disability; it is obvious they used it against me because all the years I was employed there it never mattered that I was a few minutes late everyday until I tried to get help from the EEOC.

(Doc. 15 at 2). She also alleges that

> A letter of accommodations was submitted before I was terminated for my disability to accommodate a 15 minute time frame before and after my scheduled work hours and Director Randall Redmill ignored it. He first stated he did not receive it but I submitted evidence; I saved a copy of it also.

(Doc. 15 at 3).

The Plaintiff provides <u>no dates</u> as to <u>any</u> of these alleged events. It references <u>no law</u> which was allegedly violated.

B.     **"Racism"**

The Plaintiff states that "[c]oworkers were creating several malicious events for over three years to get me out of there[.]" (Doc. 15 at 2). She then states that:

– "African American workers were not scrutinized for arriving late like [she] was until . . . after [she] spoke up that they were discriminating and singling [her] out." (Doc. 15 at 2; *see generally* doc. 15 at 2-3);

– The first day that she returned to work from medical leave "they immediately gave [her] a horrific appraisal rating." (Doc. 15 at 3);

– She worked in a "non-diversified race work environment" in which African Americans outnumbered Caucasians, preventing her from securing witnesses because "they support one another even when dishonesty has been involved." (Doc. 15 at 3);

– "Ms. Jones[,] a supervisor[,] used to make fun of [her] disability in front of other coworkers stating to be quiet because someone who cannot focus does not want us making too much noise and reported [them] watching the Trey Vann Martin case during work hours." (Doc. 15 at 3);

– "Old food assistance applications were placed on [her] desk by African American Coworkers that were over a month old when they are to be processed immediately." (Doc. 15 at 3; *see generally* doc. 15 at 3-4);

9

– She was accused by "the state" of illegal conduct, when she copied the old food assistance applications as proof of improper conduct. (Doc. 15 at 3-4);

– Shortly after making the copies she was arrested for disorderly conduct at a casino. (Doc. 15 at 5). She feels that this was done "on purpose to make copies of keys to our home or look in my car for the applications." (Doc. 15 at 5);

– She "transferred to Birmingham and was under the impression that [she] was going to advance from an ASAII to an ASAIII when [she] filled the previous African American ASAIII position for the director of child abuse. Instead, [she] was assigned double the amount of duties [as the previous African American ASAIII] without advancement." (Doc. 15 at 4; *see generally* doc. 15 at 4-5);

– "They" framed her for "copying our director's personal drive and putting it on the shared drive." (Doc. 15 at 4);

– She was passed over for promotion twice "except the first time our asst. director was not a racist African American and didn't mind a white/Caucasian assistant. [Her] luck she was killed in the tornado that came through Bluff Park." (Doc. 15 at 4-5);

– She was pulled over by police for speeding, and then arrested, apparently for a DUI. (Doc. 15 at 5). She fears that this "may have had something to do with

trying to retrieve those applications or frame [her] for my director's hard drive getting put onto the shared drive." (Doc. 15 at 6);

– Her home computer modem had at one time been password protected and then was not. (Doc. 15 at 6);

– After the Plaintiff "was transferred to Birmingham per [her] request, coworkers were constantly trying to get [her] in trouble." (Doc. 15 at 6). These included "silly accusations such as ordering free copier toner for [the] machines when that was part of [her] job when [she] was the ASAII in Bessemer or how [she] was falsely accused of ordering wrong supplies when [she] didn't." (Doc. 15 at 6). The Plaintiff did not contest these accusations. (Doc. 15 at 6-7);

– Her mother has alcoholism. (Doc. 15 at 8, 9);

– She is being followed by unknown individuals. (Doc. 15 at 8);

– An attorney declined to represent her regarding the present case. (Doc. 15 at 7);

– Unnamed individuals are entering her house. (Doc. 15 at 8);

– Unnamed individuals are hacking into her computer. (Doc. 15 at 8);

– Unnamed individuals are listening to her phone calls. (Doc. 15 at 9);

– Her "husband's brothers created a fake will" and that they were aided by a

judge and her own attorney. (Doc. 15 at 10, 11 );

– She had a cousin that lived in her home but she had to request her to leave due to various problems. (Doc. 15 at 10);

– Her youngest son needs counseling due to the death of his father. (Doc. 15 at 11); and

– The "beginning of them seeking revenge" occurred after she contacted the Alabama Governor and the President of the United States to help with conditions with the DHR building in Bessemer. (Doc. 15 p 11 ).

This section of the Amended Complaint contains no dates, and fails to set out which specific laws have allegedly been violated.

## IV.    ANALYSIS

Despite the fact that it was filed late, <u>the Court will allow the most recent Amended Complaint</u>. However, the Amended Complaint is due to be dismissed because the Plaintiff, again, did not comply with this Court's orders, and because the Amended Complaint fails to state a claim upon which relief may be granted.

### A.    <u>Most of the Allegations in the Complaint Have Nothing To Do with Employment Discrimination and Will Not Be Considered</u>

The Court <u>assumes</u> that all of the Plaintiff's claims are employment discrimination claims, for which there <u>might</u> be jurisdiction since certain employment

discrimination claims arise under federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); the Americans With Disabilities Act, 42 U.S.C. §§ 12101-12213 (the "ADA"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e through §2000e-17 ("Title VII"). <u>Many</u> facts alleged in the Amended Complaint have nothing to do with employment discrimination and will not be considered. This include, but are limited to, allegations that:

— She was pulled over by the police which she says "appeared to be done on purpose to cause me late arrival on days I almost made it on time." (Doc. 15 at 2);

— She worked in a "non-diversified race work environment" in which African Americans outnumbered Caucasians, preventing her from securing witnesses because "they support one another even when dishonestly has been involved." (Doc. 15 at 3)[3];

— She was arrested for disorderly conduct at a casino. (Doc. 15 at 5);

— She was pulled over by police for speeding, and then arrested, apparently for a DUI. (Doc. 15 at 5);

---

[3] There is no legal right to work in an environment which is "diverse." And there is no cause of action available to the Plaintiff for her co-workers allegedly refusing to assist her as a witness.

13

– Her home computer modem had at one time been password protected and then was not. (Doc. 15 at 6);

– Her mother has alcoholism. (Doc. 15 at 8, 9);

– She is being followed by unknown individuals. (Doc. 15 at 8);

– An attorney declined to represent her regarding the present case. (Doc. 15 at 7);

– Unnamed individuals are entering her house. (Doc. 15 at 8);

– Unnamed individuals are hacking into her computer. (Doc. 15 at 8);

– Unnamed individuals are listening to her phone calls. (Doc. 15 at 9);

– Her "husband's brothers created a fake will" and that they were aided by a judge and her own attorney. (Doc. 15 at 10, 11 );

– She had a cousin that lived in her home but she had to request her to leave due to various problems. (Doc. 15 at 10);

– Her youngest son needs counseling due to the death of his father. (Doc. 15 at 11); and

– The "beginning of them seeking revenge" occurred after she contacted the Alabama Governor and the President of the United States to help with conditions with the DHR building in Bessemer. (Doc. 15 p 11 ).

All of the above allegations, and any other allegations not set out above, which

do not directly relate to the Plaintiff's employment, will not be considered.[4] Further, to the extent that the Plaintiff intended to show or allege some sort of conspiracy to violate some unidentified law, those claims are not set out with enough factual detail to make them plausible, and they will be dismissed.

The only claims remaining to be considered are those which relate to her claim that:

– she was fired due to her alleged disability–"ADHD" which is the commonly used abbreviation for Attention Deficit Hyperactivity Disorder;

– the Defendant ignored her request for a reasonable accommodation of her disability;

– the Plaintiff was treated differently than similarly situated African American employees because African American workers were not scrutinized for arriving late like she was;

– she received a "horrific" approval rating;

– "Ms. Jones[,] a supervisor[,] used to make fun of [her] disability in front of other coworkers stating to be quiet because someone who cannot focus does

---

[4] To these extent that, in pleading these facts, the Plaintiff intended to set out other claims which are not employment related, the Plaintiff has failed to show that this Court has jurisdiction over them, or to even explain under what law or rule she is suing. Accordingly, any such claims would be, and <u>are</u>, due to be dismissed pursuant to Rule 12(b)(6).

not want us making too much noise and reported [them] watching the Trey Vann Martin case during work hours." (Doc. 15 at 3);

– "Old food assistance applications were placed on [her] desk by African American Coworkers that were over a month old when they are to be processed immediately." (Doc. 15 at 3; *see generally* doc. 15 at 3-4);

– She was accused by "the state" of illegal conduct, when she copied the old food assistance applications as proof of improper conduct. (Doc. 15 at 3-4);

– She "transferred to Birmingham and was under the impression that [she] was going to advance from an ASAII to an ASAIII when [she] filled the previous African American ASAIII position for the director of child abuse. Instead, [she] was assigned double the amount of duties [as the previous African American ASAIII] without advancement." (Doc. 15 at 4; *see generally* doc. 15 at 4-5);

– "They" framed her for "copying our director's personal drive and putting it on the shared drive." (Doc. 15 at 4); and

– She was passed over for promotion twice "except the first time our asst. director was not a racist African American and didn't mind a white/Caucasian assistant. [Her] luck she was killed in the tornado that came through Bluff Park." (Doc. 15 at 4-5).

16

– After the Plaintiff "was transferred to Birmingham per [her] request, coworkers were constantly trying to get [her] in trouble." (Doc. 15 at 6). These included "silly accusations such as ordering free copier toner for [the] machines when that was part of [her] job when [she] was the ASAII in Bessemer or how [she] was falsely accused of ordering wrong supplies when I didn't." (Doc. 15 at 6). The Plaintiff did not contest these accusations. (Doc. 15 at 6-7).

### B.   The Amended Complaint Is Due To Be Dismissed for Failure To Comply With the Orders of This Court

While it is an improvement over previous filings, the Amended Complaint still fails to comply with all of this Court's requirements. In particular, the Amended Complaint does not have numbered sections (with discussion) which correspond to the magistrate's directive in document 4. Further, the Amended Complaint fails to give any dates so that the Court can determine whether this action is timely filed, and fails to refer to the federal statute or statutes being invoked, so that the Court can determine whether it has jurisdiction. For these reasons, the Plaintiff has failed to comply with this Court's, and the magistrate's, previous orders regarding pleading, and her claim is due to be dismissed with prejudice.[5]

---

[5] The Court further finds that, in light of the several opportunities given the Plaintiff to amend, a lesser sanction would not better serve the interests of justice.

**C.**     **The Amended Complaint Is Due To Be Dismiss Because It Fails To State a Claim Upon Which Relief May Be Granted**

For the same reasons the Amended Complaint is due to be dismissed under Rule 41(b), it also is due to be dismissed under Rule 12(b)(6). Again, the Amended Complaint sets out no statutes, rules, or regulations which have allegedly been violated.

### 1. *The Requirements of Rule 8 of the Federal Rules of Civil Procedure Have Not Been Satisfied*

Rule 8 of the Federal Rules of Civil Procedure Provides:

A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). As noted above, despite numerous opportunities to correct deficiencies, the Amended Complaint fails to set out the statute or statutes pursuant to which the Plaintiff is making a claim. Accordingly, the Court is unable to tell whether it has jurisdiction over this matter. Further, the Amended Complaint is hardly short and plain.

18

## 2. *Even Assuming that this Court Has Jurisdiction, the Amended Complaint Contains No Dates*

Assuming, for the sake of argument, that the Plaintiff is attempting to set out claims under the Americans With Disabilities Act, 42 U.S.C. §§ 12101-12213 (the "ADA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e through §2000e-17 ("Title VII"), the failure to state any dates upon which any alleged acts occurred is fatal since "[a]n allegation of time or place is material when testing the sufficiency of a pleading." FED. R. CIV. P. 9(f).

This is particularly true in discrimination cases when one considers the administrative prerequisites which must be followed prior to initiating a lawsuit. As has been noted:

> [B]oth Title VII and the ADA require a plaintiff to file a timely charge with the EEOC as an administrative prerequisite to bringing suit. [*Houston v. Army Fleet Servs., L.L.C.*, 509 F. Supp. 2d 1033, 1040 (M.D. Ala. 2007) (Fuller, J.)] ("As an administrative prerequisite to filing suit under Title VII, an employee must file a timely charge of discrimination with the EEOC. Likewise, to assert a claim under the ADA, an employee must comply with the same procedural requirements to sue under Title VII, and thus, a timely EEOC charge is required under the ADA as well.") (citations omitted); *see also* 42 U.S.C. § 2000e–5(e)(1) (providing that a Title VII plaintiff in a non-deferral state, such as Alabama, must file an EEOC charge within 180 days of when an alleged unlawful employment practice occurred); 42 U.S.C. § 12117(a) (applying the remedies and procedures of Title VII to the ADA). "[I]f a plaintiff fails to file an EEOC charge before the 180–day limitations period, the plaintiff's subsequent lawsuit is barred and must be dismissed for failure to exhaust administrative remedies." *Thomas v. Ala. Council*

> *on Human Rels., Inc.*, 248 F.Supp.2d 1105, 1115 (M.D.Ala.2003)
> (Fuller, J.) (*citing Brewer v. Alabama*, 111 F.Supp.2d 1197, 1204
> (M.D.Ala.2000)); *accord Pijnenburg v. W. Ga. Health Sys., Inc.*, 255
> F.3d 1304, 1305 (11th Cir.2001) ("It is settled law that in order to obtain
> judicial consideration of a [Title VII] claim, a plaintiff must first file an
> administrative charge with the EEOC within 180 days after the alleged
> unlawful employment practice occurred.").

*Freeman v. Koch Foods of Alabama*, 777 F. Supp. 2d 1264, 1275–76 (M.D. Ala. 2011). Further, "[a] plaintiff's judicial complaint is limited by the scope of the EEOC investigation [to that] which can reasonably be expected to grow out of the charge of discrimination." *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 589 n. 8 (11th Cir. 1994).

Without dates, it is impossible to know whether any of the conduct in the Amended Complaint took place before or after a charge was filed with the EEOC. The Court also notes that the Plaintiff has also alleged that the Defendant <u>retaliated</u> against her. Without dates, it is unclear what the Plaintiff did to bring about the alleged retaliation, and what conduct should be deemed to be retaliatory, as opposed to merely discriminatory.

### 3. *The Amended Complaint Is Also Due To Be Dismissed for Lack of Factual Plausibility*

As stated previously, in order to survive a motion to dismiss brought under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In addition to no dates, the Amended Complaint contains

no <u>facts</u> from which the Court can attribute any of the conduct alleged to the Defendant. For example, it mentions a supervisor, Ms. Jones, made fun of her disability. It does not allege when this occurred, whether she reported it, and whether the Defendant knew about it. Only three other individual employees of the Defendant are mentioned by name: Randy Redmill, Angela McClintock, and Amanda Rice. No allegation of wrongdoing is alleged as to McClintock and Rice. Although the Amended Complaint <u>does</u> allege that Redmill ignored her request for reasonable accommodation, since no dates or other context is given, that allegation is a "mere conclusory statement[]" which "do[es] not suffice." *Iqbal*, 556 U.S. at 678. All other allegations in the Amended Complaint are made against unnamed co-workers of the Plaintiff who are referenced typically as "someone," "them," "they," or "the State." It is impossible to find that a claim has been stated against the Defendant based on such allegations.[6]

Without dates, times, names, and other specifics, it is just as plausible that the Conduct alleged in the Amended Complaint was legitimate workplace discipline as

---

[6] As another example, the Plaintiff also complains that the tardiness rule was implemented differently as to her than as to African American employees. First, it is unclear as to whether the Plaintiff is making a claim for relief based upon this allegation. Even if she is, she does not plead enough facts to establish that this was the Defendant's policy, that it knew about this, or to otherwise show how the Defendant should be liable. Regardless, she states that after she complained the system was implemented fairly. Further, to the extent that she is claiming that she was fired because she was white, and that tardiness was just an excuse, the fact that she has pled that the system was administered fairly undermines such allegations.

discrimination.  The motion to dismiss will be **GRANTED** by separate order.

**DONE** this 24th day of March, 2017.

**VIRGINIA EMERSON HOPKINS**
United States District Judge